**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on June 6, 2016, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: June 6, 2016**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 15-13193 |
| | ) | |
| CARL E. MEYER, JR., & ARSHIA | ) | Chapter 7 |
| H. MEYER, | ) | |
|     Debtors. | ) | Judge Arthur I. Harris |

ORDER[1]

On March 8, 2016, the *pro se* debtor Arshia Meyer filed two motions for contempt and sanctions against student loan servicers Xerox Education Services, LLC, d/b/a ACS Education Services, and Pennsylvania Higher Education Assistance Agency, d/b/a American Education Services (hereinafter "student loan servicers") (Docs. 24 & 26). The debtor asserts that her student loans owed to a foreign university were discharged when she received her Chapter 7 discharge on September 16, 2015, because these student loans fall outside the exception to

_____

[1]This order is not intended for official publication.

discharge contained in 11 U.S.C. § 523(a)(8).  The debtor alleges that the student

loan servicers violated the discharge injunction of § 524(a)(2) by repeatedly

mailing her bills and notices after September 16, 2015, indicating that the student

loan debt is still owing.  The student loan servicers failed to respond to the debtor's

motions, although they were notified of the motions via certified mail.  The student

loan servicers have failed to challenge the position of the debtor before the

bankruptcy court that this debt falls outside the protection of § 523(a)(8) afforded

most student loans from accredited colleges and universities in the United States.

On April 12, 2016, the debtor filed a supplemental brief in support of her motions

that provided more detail on her student loan accounts and relevant case law

(Doc. 32).  The student loan servicers were also notified of this filing.

Section 523 of Title 11, United States Code, provides in pertinent part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or
1328(b) of this title does not discharge an individual debtor from any
debt—

\* \* \* \*

(8) unless excepting such debt from discharge under this
paragraph would impose an undue hardship on the debtor and
the debtor's dependents, for—
(A)
(i) an educational benefit overpayment or loan
made, insured, or guaranteed by a governmental
unit, or made under any program funded in whole
or in part by a governmental unit or nonprofit

institution; or
    (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
(B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]

The Court is presented with the issue of whether a debt owed to a foreign and presumably "for-profit" university (here, the American University of the Antigua) not accredited by the United States falls within the exception to discharge of § 523(a)(8). From 2008 through 2010, the debtor financed her education through student loans that originated from the university itself. This legal question is complex and is further complicated by the fact that the debtor's student loan accounts are now serviced by entities in the United States that service other student loan debts, including those which fall within § 523(a)(8). In support of her assertion that the debtor's student loans fall outside § 523(a)(8), the debtor provided the Court with a recent bankruptcy court decision, *In re Decena*, 549 B.R. 11 (Bankr. E.D.N.Y. 2016).

The Court finds Judge Grossman's decision in *Decena* and the debtor's arguments to be persuasive. In particular, the Court is persuaded by Judge Grossman's reasoning that subdivision (a)(8)(A)(ii) of section 523 refers to educational debts, other than loans, such as conditional grants and stipends that are

3

not generally required to be repaid. *See Decena*, 549 B.R. at 20. The Court agrees with Judge Grossman than an expansive reading of section 523(a)(8)(A)(ii) would subsume and make unnecessary the separate subdivisions of section 523(a)(8)(A)(i) and (B). *See Decena*, 549 B.R. at 19. Nor is there any indication that the loans at issue in the current case were: (1) "made, insured, or guaranteed by a governmental unit" within the meaning of subdivision (a)(8)(A)(i) of section 523; (2) "made under any program funded in whole or in part by a governmental unit or nonprofit institution" within the meaning of subdivision (a)(8)(A)(i) of section 523; or (3) were "qualified educational loan[s]" within the meaning of subdivision (a)(8)(B) of section 523 and section 221(d)(1) of the Internal Revenue Code.

For the reasons stated in the debtor's motions and the *Decena* decision, the Court finds that the debtor's student loans were discharged on September 16, 2015, because they do not fall within 11 U.S.C. § 523(a)(8). The Court further finds that the student loan servicers violated the discharge injunction of § 524(a)(2) by attempting to collect on the student loan accounts after the date of the debtor's discharge.

Accordingly, the Court finds that the student loan debts of Arshia Meyer serviced by Xerox Education Services, LLC, d/b/a ACS Education Services, and

4

Pennsylvania Higher Education Assistance Agency, d/b/a American Education Services, were discharged.

The Court declines to award attorney's fees or damages under a theory of civil contempt. The debtor is *pro se*, and the motions and brief bear her signature alone. *See Kay v. Ehrler*, 499 U.S. 432, 438 (1991) (holding that a *pro se* attorney is not entitled to attorney's fees under 42 U.S.C. § 1988 and noting that "statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.") The Court notes that the debtor's husband and co-debtor is an attorney admitted to practice before this Court, but that he has not filed a fee agreement or disclosure statement confirming that he represents his wife in this matter. Attorneys who represent a debtor in a bankruptcy case or in connection with such a case must timely file with the court a statement of the compensation paid or agreed to be paid for services rendered or to be rendered. *See* 11 U.S.C. § 329(a); Fed. R. Bankr. P. 2016(b). If the representation does not occur until later in the debtor's bankruptcy case, Rule 2016(b) requires that a supplemental statement be filed and transmitted to the United States trustee within fourteen days after any payment or agreement not previously disclosed. Failure to timely file such a disclosure may be grounds for disapproving or requiring disgorgement of any

5

attorney's fees.  *See Henderson v. Kisseberth (In re Kisseberth)*, 273 F.3d 714, 721 (6th Cir. 2001).

Nor does the Court believe that punitive damages are appropriate in a civil contempt proceeding for violation of a discharge injunction.  *See Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 916-17 (7th Cir. 2001).  An award of punitive damages for contempt of a discharge injunction sounds in the nature of criminal contempt and therefore lies beyond the authority of a bankruptcy judge.  *See, e.g., Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, (9th Cir. 2003) (bankruptcy court may not impose punitive sanctions pursuant to § 105(a) contempt authority).  However, if the student loan servicers continue to attempt to collect on these debts after being put on notice of this Court's order, the Court will revisit the issues of compensatory damages and civil contempt.

The legal questions in this case are complex.  However, if the student loan servicers dispute the debtor's assertion that her student loan debts were discharged, the proper first step is to challenge the issue in bankruptcy court, and, if necessary, on appeal.  Now that the Court has ruled, this order must be obeyed absent postjudgment relief from this Court or a successful appeal of this Court's decision.  *See Celotex v. Edwards*, 514 U.S. 300, 313 (1995) ("it is for the court of first instance to determine the question of the validity of the law, and until its decision

is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected").

The Clerk of Court is directed to serve copies of this order through the bankruptcy noticing center to the following addresses:

(1)　Xerox Education Services, LLC
　　　c/o Corporate Service Company
　　　2711 Centerville Rd., Suite 400
　　　Wilmington, DE 19808

(2)　ACS Education Services
　　　P.O. Box 7051
　　　Utica, NY 13504-7051

(3)　American Education Services
　　　Payment Center
　　　Harrisburg, PA 17130-0001

(4)　American Education Services
　　　P.O. Box 2461
　　　Harrisburg, PA 17105-2461

(5)　Pennsylvania Higher Education Assistance Agency
　　　PHEAA Headquarters
　　　ATTN: Jason L. Swartley, Chief Legal Officer
　　　1200 North 7th Street
　　　Harrisburg, PA 17102

IT IS SO ORDERED.